IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINFRED LEON WALKER | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. C-07-059 |
| JUDICIAL DIST. STATE CRIM. | § | |
| COURT #230 HON. JUDGE OF SAID | § | |
| COURT, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Texas state prisoner Winfred Leon Walker filed this action pursuant to 42 U.S.C. § 1983.  (D.E. 1).  Plaintiff also filed a motion to proceed in forma pauperis. (D.E. 2).

## DISCUSSION

Plaintiff is currently incarcerated in the Dominguez State Jail Unit in San Antonio, Texas.  He is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[1]  He makes no such

---

[1] Walker v. Johnson, et al., No. 6:99-cv-027 (W.D. Tex. Feb. 1, 1991) (first strike for failure to state a claim); Walker v. Shaw, et al., No. 3:99-cv-708 (N.D. Tex. May 12, 1999) (second strike for frivolous filings); Walker v. Johnson, No. 3:98-cv-1917 (N.D. Tex. Sept. 1, 1999) (third strike for frivolous filings); Walker v. Putnicki, No. 6:00-cv-065 (W.D. Tex. Mar. 20, 2000) (fourth strike for frivolous filings and barred for three strikes).

assertion or showing in his current complaint.  See Banos v. O'Guin, 144 F.3d 883,

885 (5th Cir. 1998) (per curiam).  Indeed, his claim relates to an incident in which

he shoplifted at the Fiesta Food Store in Houston, Texas as well as his conviction

for shoplifting in which he alleges obstruction of justice and illegal search and

seizure.  (D.E. 1, at 2-3).  He names as defendants the judge who presided over his

criminal case, the Harris County Jail, the Fiesta Food Store, and a security guard at

the Fiesta Food Store.  Id. at 1-2.

The Fifth Circuit has held that an inmate who has three or more strikes

pursuant to § 1915(g) may not proceed in forma pauperis in any new civil actions.

Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Plaintiff has more than

three strikes for frivolous actions.

Moreover, in Walker v. Putnicki, No. 6:00-cv-065 (W.D. Tex. Mar. 20,

2000), the district judge ordered that plaintiff "is BARRED from filing any new

civil actions, including habeas, either directly or indirectly by way of transfer,

without first obtaining leave to file from a United States District Judge or United

States Magistrate Judge."  Plaintiff provides no evidence that he has sought and

obtained such leave.  The Fifth Circuit has held that a district court may honor the

sanction order of another district court.  Balawajder v. Scott, 160 F.3d 1066, 1067-

68 (5th Cir. 1999) (per curiam).

Accordingly, it is respectfully recommended that this action should be

dismissed and that his application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

### RECOMMENDATION

Plaintiff has over three strikes pursuant to § 1915(g).  Accordingly, it is respectfully recommended that his action be dismissed.  It is also respectfully recommended that his motion to proceed in forma pauperis, (D.E. 2), be denied.

Finally, it is respectfully recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 8th day of January 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).